Submitted August 30, affirmed October 5, 2016, petition for review denied March 2, 2017 (361 Or 238)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOSE NOEL GONZALES-ACEVEDO,
*Defendant-Appellant.*

Lane County Circuit Court
211414662; A158447

383 P3d 443

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Erin Snyder, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Haselton, Senior Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII) and misdemeanor driving while suspended or revoked. On appeal, he argues that the trial court erred (1) in denying his motion to controvert the search warrant affidavit that resulted in the state obtaining his blood sample and (2) in ordering a lifetime revocation of his "right to apply for driving privileges." We reject without discussion defendant's arguments regarding the motion to controvert, and we write only to address his contention regarding the revocation of his driving privileges.

The facts relevant to the revocation of defendant's driving privileges are undisputed. Defendant's conviction for DUII was his third. Consequently, the trial court permanently revoked his driving privileges. *See* ORS 809.235(1)(b) (providing that a person's driving privileges shall be "permanently revoked" if the person is convicted "for a third or subsequent time" of DUII). With regard to the revocation, the judgment recites that "defendant's driving privileges *and right to apply for driving privileges* shall be suspended for Life."[1] (Uppercase in original; emphasis added.) *See* ORS 809.390(2) (during the period of revocation, "the person is not entitled to exercise any driving privileges in this state or to apply for or receive any driving privileges in this state," except as expressly provided).

On appeal, defendant argues that the judgment is too broad, because it not only imposes a permanent revocation of his driving privileges but also a permanent bar on his "right to apply for driving privileges," which defendant equates with his right to "seek[] restoration of his or her driving privileges under ORS 809.235." *See* ORS 809.235(2)(a) (allowing a person to "file a petition in the circuit court of the county in which the person's driving privileges were revoked for an order restoring the person's driving privileges"). According to defendant, "the statutory scheme demonstrates that the legislature intended to

---

[1] The parties treat the reference to a lifetime "suspension" as a revocation, and we understand it that way as well.

give a person the opportunity, within certain [parameters,] to seek restoration of those privileges after 10 years," and "[t]he trial court erred in ordering that defendant should not have that same opportunity."

Defendant's argument proceeds from a flawed premise. The "right to apply for driving privileges" is not the same as the right to file a petition in the circuit court for an order restoring the person's driving privileges. The loss of the "right to apply for driving privileges" is the loss of the right to apply *to the Department of Transportation* for issuance of driving privileges, which, as set out above, is a statutory consequence during the period of revocation. *See* ORS 809.390(2). In this case, the revocation was permanent ("for life"), so the judgment accurately reflects that defendant's right to apply to the department for driving privileges was likewise permanently revoked. The court's judgment does not address, and has no effect upon, defendant's ability to petition the circuit court for an order restoring his driving privileges pursuant to ORS 809.235(2).

Affirmed.